UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

ELIJAH SHIRLEY                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 5:17-CV-P126-TBR

RANDY WHITE et al.                                               DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Elijah Shirley, a prisoner presently incarcerated at Northpoint Training Center

(NTC), filed a *pro se* complaint under 42 U.S.C. § 1983 regarding events that occurred while he

was incarcerated at Kentucky State Penitentiary (KSP).  This matter is before the Court for initial

review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d

601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For

the reasons that follow, this action will be dismissed.

## I. SUMMARY OF CLAIMS

In the caption of his complaint, Plaintiff names the following eight Defendants:

(1) Randy White, the Warden at KSP; (2) J. Palmer, a Correctional Officer at KSP; (3) Billy

Price, a Correctional Officer at KSP; (4) Gibbs, a Captain at KSP; (5) Brian O'Dell, a Sergeant at

KSP; (6) S. Hope, a Captain at KSP; (7) Seth Mitchell, with Internal Affairs at KSP; and (8) Dan

Smith, the Grievance Coordinator at KSP.  Plaintiff sues Defendants in their individual and

official capacities.  As requested relief, Plaintiff seeks monetary damages; "official dismissal of

all defendants as correctional officers and reprimands for others"; and attorney fees.

According to Plaintiff, on June 1, 2017, while working at his prison job in the KSP dining

room, Plaintiff was harassed by Defendant Palmer.  Plaintiff represents that Defendant Palmer

referred to Plaintiff, an African American, as a monkey and told Plaintiff to get himself over with

the other monkeys. Plaintiff states that others witnessed Defendant Palmer's statements and that

a report was written up about the incident by Correctional Officer Hillyard and his wife.

Plaintiff further states as follows:

> This has been an on Going occurance with [Defendant Palmer] for some time, and I have filed Greivances, and written to the Warden, [Defendant White], as well as The Commissioner about this, and they keep telling me they will Monitor the problem and inform the officers to keep th[ei]r Opinions to themselves, which is to say, that nothing concrete will be done.

According to Plaintiff, shortly after the incident, he was transferred to NTC and "was denied his

Constitutional Right to redress of Grievances, He was denied the fundamental right to file an

appeal to the transfer, and Did in fact file a Grievance against the Officer, but has as yet heard

nothing." Plaintiff states that "the warden has refused to contact him about the outcome of the

grievance, and has also refused to hear the grievance, due to the Plaintiff no longer being at the

Pentetiary." According to Plaintiff, his "Constitutional, Due Process, And those fundamental

rights afforded every person, regardless, of skin color or situation, has been grossly violated by

the officers and staff at the Penitentiary."

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers,

and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under

§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of

the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Because

Defendants are all employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *Id.* at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the claims seeking money damages from state officers or employees in their official capacities are not cognizable claims under § 1983. Additionally, the Eleventh Amendment[1] acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169; *see also Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state-court litigation was barred by the Eleventh Amendment).

Accordingly, Plaintiff's official-capacity claims seeking monetary damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

### B. Individual-Capacity Claims

### 1. Claims against Defendants Price, Gibbs, O'Dell, Hope, Mitchell, and Smith

Plaintiff includes Price, Gibbs, O'Dell, Hope, Mitchell, and Smith as Defendants in this action. However, Plaintiff makes no allegations against them in his complaint. "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

the alleged constitutional deprivation; the doctrine of *respondeat superior* has no application thereunder." *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982)). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.") (emphasis in original).

Having failed to allege any conduct on the part of Defendants Price, Gibbs, O'Dell, Hope, Mitchell, and Smith that violates Plaintiff's rights, these Defendants will be dismissed from this action.

### 2. Claim against Defendant Palmer for Racially Verbal Harassment

Plaintiff complains that he was subjected to racially verbal harassment by Defendant Palmer. Although reprehensible and not condoned, verbal abuse, harassment, and threats are insufficient to state a constitutional violation under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (noting that "harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Violett v. Reynolds*,

76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment or idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Jackson v. Hopkins Cty. Det. Ctr.*, No. 4:12CV-P82-M, 2012 WL 5472024, at *6 (W.D. Ky. Nov. 9, 2012) ("[W]hile reprehensible and not condoned, racial epithets and verbal abuse alone are insufficient to state a constitutional violation under § 1983."); *Searcy v. Gardner*, No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials.").

Accordingly, the claim against Defendant Palmer involving racially verbal harassment fails to state a claim upon which relief may be granted and will be dismissed.

### 3. Claim against Defendant White

It appears that Plaintiff is asserting a claim against Defendant White for Defendant White's failure to act on the grievance Plaintiff filed regarding the alleged verbal harassment and Defendant White's failure to inform Plaintiff about the outcome of the grievance. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against

the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (Defendants "cannot be subject to § 1983 liability simply because they have denied [plaintiff's] administrative grievances or failed to act based upon information contained in his grievances."); *Simpson v.. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an [administrative] appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Thus, where the only allegation against a defendant relates to the handling of a grievance, a plaintiff fails to allege that his constitutional or civil rights have been violated. *Id.*

Because Plaintiff's allegation against Defendant White relates only to how he handled Plaintiff's grievance, Plaintiff has not stated a § 1983 claim against him upon which relief may be granted. Accordingly, the Court will dismiss Plaintiff's claim against Defendant White.

### 4. Transfer Claim

Plaintiff states that, at some point after the alleged racially verbal harassment by Defendant Palmer and after Plaintiff filed a grievance about the matter, Plaintiff was transferred from KSP to NTC. As to the transfer, Plaintiff states that he was denied his "fundamental right to file an appeal to the transfer."

The law is clear that inmates have no constitutional right to be incarcerated in any particular institution or a particular part of an institution unless the state has created a liberty interest in remaining at a particular institution. *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-

229 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). This is not the case in Kentucky where transfer of prisoners is within the discretion of the corrections cabinet. Ky. Rev. Stat. Ann. § 197.065.

However, Plaintiff may be alleging that his transfer to NTC was a retaliatory transfer. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Plaintiff does have a constitutionally protected right to file grievances as long as they are not frivolous. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996).

Even assuming, without deciding, that Plaintiff was engaged in protected conduct in filing a grievance about the verbal harassment, Plaintiff has failed to show that he was subjected to an adverse action that would deter a person of ordinary firmness from engaging in filing grievances. The Sixth Circuit has repeatedly held that a prison transfer is generally not a sufficiently adverse action to deter a person of ordinary firmness from engaging in protected conduct. *Jewell v. Leroux*, 20 F. App'x 375, 378 (6th Cir. 2001) ("A transfer to the general population of another prison is not considered sufficiently adverse . . . ."); *Geiger v. Prison Realty Trust, Inc.*, 13 F. App'x 313, 315 (6th Cir. 2001) (holding that the plaintiff's transfer to another prison was not retaliatory since the transfer did not prevent or deter him from continuing to write grievances and file lawsuits.); *Friedman v. Corr. Corp. of Am.*, 11 F. App'x 467, 470 (6th Cir. 2001) (noting that "[t]his Court has repeatedly held that transfer from one prison to

another prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights," and finding that the plaintiff's transfer to another institution that was farther away from those who visited him and did not offer the programs in which he previously participated was not an "adverse action" for purposes of a retaliation claim); *Goddard v. Ky. Dep't of Corr.*, No. 99-5348, 99-5971, 2000 WL 191758, at *3 (6th Cir. Feb. 7, 2000) ("The transfer to the general population of another prison is not considered sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment rights.").

Plaintiff has no constitutional right to be housed in any particular institution. Further, Plaintiff fails to set forth facts that show his transfer to NTC was an adverse action for purposes of a retaliation claim. Accordingly, Plaintiff's claim regarding his transfer from KSP to NTC will be dismissed for failure to state a claim upon which relief may be granted.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, this complaint will be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4413.003